WILLIAM A. GRISWOLD, Appellant, *v.* HENRY WATKINS, as Assignee in Bankruptcy of GEORGE W. SISSON and others, Respondent.

*An assignee in bankruptcy is liable individually, and not as assignee, for wages of employees and for property converted by him — An action against one as assignee cannot be changed into one against him individually — An action to reach assets of bankrupt — United States courts have exclusive jurisdiction of — U. S. Rev. Sts.,* § 711.

This action was brought by the plaintiff to recover for services rendered to, and for lumber converted by the defendant as assignee in bankruptcy of one Sisson. In the summons and complaint the defendant was named "as assignee," and the services were alleged to have been rendered to, and the property to have been converted by him, as such assignee.

*Held,* that for services rendered to the defendant after his appointment as assignee, and for property converted by him, whether or not the proceeds were applied to the use of the bankrupt estate, he was liable individually and not in his representative capacity as assignee. That the allegations showing that the defendant was sued as assignee and not individually could not be disregarded, and that the complaint must be dismissed. (LEARNED, P. J., dissenting.)

*Semble,* that even if the bankrupt's estate could be held liable for such acts of the assignee, the United States courts would, under subdivision 6 of section 711 of the United States Revised Statutes, have exclusive jurisdiction of an action to reach the assets of the bankrupt. (Per BOARDMAN, J.)

Appeal from a judgment in favor of the defendant, entered upon the report of a referee.

The complaint was as follows : " The above named plaintiff complains of the above named defendant, and alleges upon information and belief that the said Henry Watkins is, and has been for the space of three years last past, assignee in bankruptcy of George W. Sisson, Thomas L. Greene and Miner H. Greene, and of each of them ; that, as such assignee, the said defendant is indebted to the plaintiff for work and labor done by plaintiff for defendant at defendant's request, for logs and lumber of plaintiff's taken by defendant and converted to his own use, and for money had and received by defendant from plaintiff, at the times, to the amount and of the value as follows, to wit. * * * That there is due and owing from the defendant to the plaintiff the sum of $1,366.68, with interest from December 1, 1874. Wherefore, plaintiff demands judgment against the defendant for the sum of $1,366.68, and interest from December 1, 1874, besides costs."

The answer admitted that the defendant was such assignee, but denied the right of the plaintiff to maintain an action against the defendant as assignee in bankruptcy in a State court, and claimed that the action should have been brought in the United States Court, either district or circuit, in and for the northern district of New York.

And the answer further claimed that no notice was given the defendant as assignee, as required by section 5056 of the bankrupt act. (U. S R. S.)

The referee held that the defendant was not liable, as assignee, for the value of the lumber converted nor for the value of the services rendered, and further held that the court had no jurisdiction of the action.

*Parker & McIntyre*, for the appellant.

*George Z. Erwin*, for the respondent.

Boardman, J. :

After the defendant was appointed assignee in bankruptcy, he was authorized by the bankrupt court to saw certain saw-

logs belonging to the plaintiff in a saw-mill belonging to the bankrupt's estate. In pursuance of this authority the logs were afterwards sawed under a contract with the defendant specifying the price to be paid for such sawing. When the logs were sawed and converted into lumber, the lumber belonged to the plaintiff. The defendant, as assignee, had no title thereto. When the defendant converted the lumber to his own use he committed a wrong, and became liable to the plaintiff for the damages arising from his tort. It was of no consequence what wrongful use Watkins made of the converted lumber. It did not change his personal liability into a claim against the bankrupt's estate even if the proceeds went to such estate. It would prove a gross wrong to the plaintiff to compel him to take a dividend with other creditors of the bankrupt for the tortious act of the assignee in misappropriating plaintiff's lumber. It would be equally a wrong to the creditors of the bankrupt if they were required to contribute out of the bankrupt's assets towards the satisfaction of damages arising out of the wrongful and tortious act of the person acting as assignee. The authority given by the bankrupt court to contract to saw plaintiff's logs did not sanction the appropriation by the assignee of the lumber. In doing that he was acting without authority or right. His official position as assignee would not protect him for the personal wrong done.

If these principles are correct the plaintiff mistook his remedy in bringing his action against the defendant in his representative character. It was not a claim which could be proved against the bankrupt's estate, or which was payable therefrom. The cause of action had no relation to the bankrupt proceedings, and hence ought not to be controlled by the bankrupt law. The action should have been against Watkins personally by reason of his tort in converting to his own use plaintiff's lumber. To such an action, so far as the case shows, the defendant Watkins had no defence.

We conclude, therefore, that in the respect already stated, no cause of action was alleged or proved against the defendant as assignee in bankruptcy.

Upon the same principle services rendered or money paid to Watkins are chargeable to him personally. The services of per-

sons employed by the assignee in the discharge of his duties are expenses to be first paid in full. They are not claims against the estate to be proved and to take dividends on the final distribution. By procuring such services Watkins becomes individually liable therefor, and they are to be allowed to him in his settlement, just as in the case of executors or administrators. If the assignee employs an attorney or other agent in the proper discharge of his duties he will be held personally responsible for the value of his labor. The same rule should apply to the case of money paid by the plaintiff to Watkins for services to be rendered by him, but ·which he fails to perform.

These considerations are, however, of slight importance, since a recovery for the conversion of plaintiff's property would more than compensate plaintiff for all his losses.

If it were possible in other respects to maintain this action against the assignee to reach the bankrupt's assets in his hands, we think the State courts have no jurisdiction. By section 711 United States Revised Statutes, subdivision 6, the jurisdiction of the United States courts is exclusive in all cases of matters and proceedings in bankruptcy. The present action is an attempt to reach and share in the bankrupt's assets in the hands of the assignee, and for that reason it would, if successful, infringe upon the special jurisdiction and duties of the United States courts, as prescribed by the bankrupt law and defined by Judge ANDREWS in *Kidder* v. *Horrobin* (72 N. Y., 167). Besides, the plaintiff in this action was not a creditor of the bankrupt. If he had been a creditor of the bankrupt, and his suit pending when bankrupt proceedings were commenced, they might have been continued against the assignee to judgment, for the sole purpose of establishing the amount of the debt. (*Norton, Assignee,* v. *Switzer,* 3 Otto, 355.) But no case has been found where such an action, begun after the appointment of the assignee in a State court, has been sustained.

The plaintiff appears to have a just claim against Watkins, and we should have been glad to have found some way in which a personal judgment could have been rendered against him in this action. But we are unable to see how a judgment can be had or proper relief granted in the present action.

The judgment dismissing the plaintiff's complaint, with costs, must, therefore, be affirmed, with costs.

BOCKES, J. :

I concur in the foregoing opinion. It is very clear, I think, that the action could not be sustained against the defendant *as assignee*, nor would it be right to disregard the pleadings, the theory of the action and defence, and the proceedings on the trial, and turn the case into an action against the defendant *personally*. Let the party bring such an action now, if he so desires.

LEARNED, P. J. (dissenting).

The referee finds that the plaintiff did the work and labor sued for, and that the logs and timber were converted. But he reports in favor of the defendant. And the reason is this : The plaintiff in his summons and complaint described the defendant, as assignee in bankruptcy of Sisson and others. He avers in his complaint that the defendant, as such assignee, was indebted for the work and labor and for the logs converted. The facts proved are, that the defendant was appointed assignee in bankruptcy in August, 1873 ; and that, after such appointment, the plaintiff did for him the work and labor mentioned ; and that after such appointment he converted the plaintiff's logs and timber as aforesaid.

The only difficulty is that, in the summons and complaint, the words, " as assignee " are added to defendant's name. The facts alleged and the facts proved show a cause of action against the defendant, personally. One who hires work done owes for it personally. One who converts property is liable for it personally. He cannot escape his liability by claiming to have committed the tort in a representative capacity. If this had been an action for assault and battery ; and the words " as assignee " had been added to defendant's name, they would have been surplusage.

This action has nothing to do with the bankruptcy proceedings. It does not belong to the Federal courts, and there was, therefore, no need of the twenty days notice. The plaintiff made a mistake, when he added the words " as assignee ; " but this should not defeat the action.

The facts are plain and show that the work was done, and the conversion took place after the appointment. The plaintiff demanded judgment against the defendant, and not the establishment of a claim against the estate.

When the defendant shall settle his account in bankruptcy he will probably be allowed for what he is required to pay, just as he will not be chargeable for property which did not belong to the bankrupt. But it is of no consequence to this case how that may be. He is personally liable for the work done for him and for the goods converted by him. The substantial rights of the defendant are not affected by the improper description or addition to his name, and the error should be disregarded. (Code of Civil Procedure, §§ 721, 722, 723.)

For these reasons I think the judgment should be reversed and a new trial granted.

Judgment affirmed, with costs.